# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20056-14-KHV |
| FRANK HENDERSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #734) filed December 7, 2009. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On November 19, 2007, pursuant to a plea agreement, defendant pled guilty to maintaining a residence for the purpose of drug trafficking. See Petition To Enter Plea To Count 36 Pursuant To Fed. R. Crim. P. 11 (Doc. #359). Defendant objected to the calculation of drug quantity in the Presentence Investigation Report ("PSIR"). Defendant's total offense level was 23, with a criminal history category I, resulting in a guideline range of 46 to 57 months in prison. On December 8, 2008, the Court sentenced defendant to 46 months in prison.[1] Defendant did not appeal. Jeffrey D.

---

[1] At the sentencing hearing on December 2, 2008, the Court determined that the applicable guideline range was 57 to 71 months in prison and imposed a sentence of 57 months in prison. See Judgment In A Criminal Case (Doc. #608) filed December 10, 2008. On December 3, 2008, the Court recognized that the base offense level corresponding to the drug quantity (at least 100 kilograms but less than 400 kilograms of marijuana) should have been reduced by two levels. See id. at 2. The probation office contacted counsel and all counsel agreed that the error was subject to correction under Rule 35(a), Fed. R. Crim. P. See id. Based on the revised guideline range of 46 to 57 months in prison, the Court sentenced defendant to 46 months in prison. See id.

Morris represented defendant throughout this proceeding.

On December 7, 2009, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Mr. Morris was ineffective because (1) at sentencing, he did not call witnesses as to the amount of cocaine attributable to defendant, (2) he did not file a motion to suppress and (3) he never explained the plea agreement to defendant including the fact that he could be accountable for drugs which were not found at his residence.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.     Procedural Bar – Waiver Of Collateral Challenges (Claims 1 and 2)**

The government asserts that defendant's claims are barred by the waiver of collateral challenges in the plea agreement. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19,

2004).

> A. <u>Scope of the Waiver</u>

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. <u>United States v. Anderson</u>, 374 F.3d 955, 957 (10th Cir. 2004); <u>Hahn</u>, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. <u>United States v. Arevalo-Jimenez</u>, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. <u>Hahn</u>, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **11. <u>Waiver of Appeal and Collateral Attack</u>.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 11. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence.

In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187. In this case, defendant's first and second claims of ineffective assistance (failure to file a motion to suppress and failure to call witnesses at sentencing) do not challenge the validity of the plea or waiver. Accordingly, those claims fall within the scope of the waiver in the plea agreement. See id.

B. Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the expected maximum sentencing range of 51 to 63 months, the rights he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was making a plea was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

C. Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible

factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 46 months in prison, which was less than the expected sentencing range discussed at the Rule 11 hearing (51 to 63 months). See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's first and second claims are barred by the waiver of collateral challenges in the plea agreement.

## II.     **Substantive Merit Of Defendant's Claims**

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the

first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

    A.    Failure to Call Witnesses At Sentencing – Claim 1

Defendant argues that counsel was ineffective at sentencing because he did not call witnesses as to the amount of cocaine attributable to defendant. Defendant has not identified any potential witness on this issue or explained the nature of their testimony. Indeed, at the plea hearing, counsel and defendant admitted that defendant did not know the type or amount of drugs which were distributed from his home. In the context of a claim that counsel failed to interview or subpoena a witness, defendant must provide an affidavit of the potential witness as to the nature of the proposed testimony. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice), cert. denied, 493 U.S. 898 (1989); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984) (to warrant

evidentiary hearing, movant must submit affidavit or sworn statement from witness or counsel), cert. denied, 470 U.S. 1058 (1985); United States v. Anderson, No. 95-20086-JWL, 2003 WL 22757928, at *3 (D. Kan. Nov. 6, 2003) (Section 2255 movant required to submit affidavit of putative witness); United States v. Cosby, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (prejudice not established where defendant did not submit affidavit of potential alibi witnesses); see also United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997) (certificate of appealability on ineffective assistance claim denied because defendant did not present specific facts to show that co-defendant would have offered exculpatory evidence). At sentencing, counsel vigorously contested the quantity of cocaine. See Defendant Frank Henderson's Sentencing Memorandum (Doc. #537) filed August 13, 2008 (17-page brief which advocated minimal/minor role adjustment under U.S.S.G. § 2D1.8(a)(2), argued that cocaine quantities were too speculative and that nature of offense and defendant's personal history suggested only minimal custodial sentence); Defendant Frank Henderson's Post-Hearing Supplemental Sentencing Memorandum (Doc. #571) filed October 16, 2008 (11-page brief which asserted same issues after hearing). Indeed, the Court sustained defendant's objection in part. Even so, because the total quantity of narcotics converted to at least 100 kilograms but less than 400 kilograms of marijuana, defendant's base offense level remained the same.

Even if the Court were to assume that counsel was deficient in failing to call witnesses at sentencing, defendant has not shown a reasonable probability that had his counsel called witnesses, the Court would have imposed a different sentence. See United States v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); Rantz, 862 F.2d at 810-11. In particular, in the plea agreement, defendant admitted that the government had evidence that at least 500 grams (but less than 3.5 kilograms) of

cocaine was stored or distributed at his residence. See Plea Agreement ¶ 2. The marijuana equivalency of 500 grams of cocaine is 100 kilograms of marijuana. See PSIR ¶ 133. Because the Court calculated defendant's base offense level for an offense involving at least 100 kilograms of marijuana but less than 400 kilograms and defendant had agreed that he did not have information to dispute the government's factual summary, defendant has not shown prejudice from counsel's performance at sentencing.

In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The Court therefore overrules his first claim for relief.

### B. Failure To File Motion To Suppress – Claim 2

Defendant complains that counsel did not file a motion to suppress evidence which law enforcement officers recovered from his residence without a search warrant. Only those motions having a solid foundation, not every possible motion, should be filed. United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985). Defendant has not shown an adequate factual or legal basis for a motion to suppress or suggested how such a motion would have likely affected the outcome of the case. The Court therefore overrules his second claim for relief.

### C. Failure To Explain Plea Agreement – Claim 3

Defendant argues that counsel did not tell him that the Court could attribute drugs which were not found at his residence to him. Defendant's argument is conclusively refuted by the record. In the plea agreement, defendant admitted that the government had evidence that between 500 grams and 3.5 kilograms of cocaine was "stored or distributed" at his residence. Plea Agreement ¶ 2. The plea agreement also advised defendant that in calculating his offense level, the Court would consider

relevant conduct charged in any dismissed counts as well as other uncharged related criminal activity. See id. ¶ 4.

The Court ultimately sentenced defendant based on a marijuana equivalency of 147.36 kilograms. At the plea colloquy and in the plea agreement, defendant admitted that the government had evidence that at least 500 grams of cocaine (equivalent to 100 kilograms of marijuana) was stored or distributed at his residence. See Plea Agreement ¶ 2. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept.19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Even if the Court only considered the specific amount of cocaine admitted in the plea agreement, defendant's sentence would have been the same.[2] Defendant's conclusory statement that counsel did not explain the possibility that additional drug amounts could be attributed to him is insufficient to establish that counsel's performance was deficient. Even if counsel had failed to fully explain drug quantity calculation, defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty.[3] See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11.

---

[2] As noted, the Court applied the base offense level for at least 100 kilograms but less than 400 kilograms of marijuana. See PSIR ¶ 133.

[3] In particular, at the change of plea hearing, counsel mentioned that defendant faced a sentence of about 48 months in prison which is slightly above the sentence that the Court ultimately imposed.

**III.    Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

**IV.    Certificate Of Appealability**

Effective December 1, 2009, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #734) filed December 7, 2009 be and hereby is **OVERRULED**.  A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 6th day of July, 2010, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge